

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-94,707-01

### EX PARTE ALLEN ANDRE CAUSEY, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. D-1-DC-91-915672-A IN THE 331ST DISTRICT COURT
### FROM TRAVIS COUNTY

*Per curiam. Schenck, P.J., filed a dissenting opinion joined by Finley, J.; Yeary, J., filed a dissenting opinion. Keel, J., not participating.*

## O P I N I O N

A jury convicted Applicant of murder in 1992 and sentenced him to fifty years' imprisonment. The Third Court of Appeals affirmed his conviction. *Causey v. State*, No. 03-92-00378-CR (Tex. App.—Austin del. Sep. 14, 1994) (not designated for publication). Applicant, through habeas counsel, filed an application and an amended application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded them to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

The issues concern new evidence that has emerged since Causey's trial. It includes DNA implicating an alternate suspect, testimony from witnesses contradicting parts of Causey's

confession, and allegations of police misconduct. This evidence suggests that another person may have been involved in the crime. Based on this evidence, Applicant contends that he is actually innocent, argues that false testimony contributed to his conviction, and says that the State failed to disclose favorable evidence. The trial court conducted an evidentiary hearing and entered findings. It recommends denying the actual innocence claim, *see Ex parte Elizondo*, 947 S.W.2d 202 (Tex. Crim. App. 1996), but granting habeas corpus relief based on false testimony, *see Ex parte Weinstein*, 421 S.W.3d 656 (Tex. Crim. App. 2014), and the suppression of favorable evidence, *see Brady v. Maryland*, 373 U.S. 83 (1963).

This Court has made an independent review of the record, which includes habeas counsel's objections regarding the trial court's findings, particularly on actual innocence. Although this Court does not find that the evidence shows Applicant to be actually innocent, this Court finds that habeas relief should be granted based on the State's unknowing use of false testimony. The judgment in cause number 0915672 in the 331st District Court of Travis County is set aside, and Applicant shall answer the charges as set out in the indictment. The trial court shall issue any necessary orders within ten days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.


Delivered:    April 16, 2025
Publish